IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES T. SANFORD,

    Defendant.

Docket No.: 16-CR-20079-01-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant James T. Sanford's Objection Number One to the Presentence Investigation Report ("PSR") (Doc. 32). Defendant objects to Paragraph 24 of the PSR, which adds a four-level enhancement to his base offense level pursuant to United States Sentencing Guidelines ("USSG") § 2K2.1(b)(6)(B). Defendant argues that his total offense level should be twelve because the Government does not prove the enhancement by a preponderance of the evidence. At Defendant's July 11, 2017 sentencing hearing, the Court heard argument on Defendant's Objection, at which time the Court took the Objection under advisement. After considering the Objection, the Government's response, and the parties' arguments at the July 11 hearing, the Court is prepared to rule. For the reasons stated below, the Court sustains Defendant's Objection Number One.

### I.  Background

Plaintiff pleaded guilty on April 16, 2017, to knowingly and unlawfully possessing, as a felon, a firearm that had been transported in interstate commerce, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).[1] Prior to Defendant's sentencing hearing, the United States Probation Office filed a PSR, in which it calculated Defendant's base offense level as fourteen pursuant to USSG § 2K2.1(a)(6)(A).[2] The report adds an offense enhancement pursuant to Section 2K2.1(b)(6)(B), because Defendant possessed the gun while driving a stolen vehicle. This enhancement increases Defendant's total offense level to fifteen from twelve.[3]

The parties stipulated to the following facts regarding the alleged theft of the stolen vehicle.[4] The stolen vehicle belonged to Carrie Goodwin. Goodwin loaned the vehicle to her boyfriend, Kevin Free, on June 25, 2016. Free drove her to work that morning and told her that he would pick her up that evening. Free never returned to pick her up and would not answer her phone calls. After the car had been missing for two days and she had not heard from Free, Goodwin reported the car stolen on June 27, 2016.[5] On August 3, 2016, police found Defendant in possession of the stolen vehicle. Goodwin did not know Defendant or give him permission to drive the vehicle.

The PSR also states that on August 3, the Kansas City, Kansas Police Department Violent Crimes Task Force received notice that officers observed the vehicle in the area. The Air Unit located it at a residence. Police responded to the residence and detained the driver of the vehicle, James Sanford, and two passengers, Janay Cunningham and her seven-month-old son, who were in the back seat. Officers found a Big Saucer gun case containing a firearm in the front seat of the car. Cunningham told police that the firearm belonged to her and that they were going to a pawnshop to sell it. The firearm was, in fact, registered to Cunningham. While in custody at

---

[1] Doc. 30.

[2] Doc. 32 ¶ 25.

[3] United States Sentencing Guidelines § 2K2.1(b)(6)(B).

[4] *See* Doc. 32 ¶ 12.

[5] *Id.*

Correction Corporation of America in Leavenworth, Defendant called a female and told her that he planned on pawning the gun.  After making that statement, he "corrected himself and said he was taking Cunningham to pawn the gun so he could get some money."[6]

Based on the specific offense characteristic of possessing a firearm and ammunition in connection with another felony offense, i.e. driving a stolen automobile, the PSR calculated Defendant's total offense level as fifteen.  Defendant argues that the report contains insufficient factual support to justify this enhancement, and that therefore his total offense level should be twelve.

## II.     Discussion

USSG § 2K2.1(b)(6)(B) describes the applicable sentence enhancements for offenses under § 922(g)(1) and provides for a four-level enhancement if the defendant:

> Used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.[7]

"Another felony offense" can be a federal, local, or state offense "punishable by a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."[8]  Because this sentence enhancement does not increase the sentencing range prescribed by 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the Government has the burden to prove the connected felony offense by a preponderance of the evidence.[9]

The Government argues that the connected felony offense was a theft pursuant to K.S.A. § 21-5801.  The statute defines theft, in relevant part, as:

---

[6] *Id.* ¶20.

[7] United States Sentencing Guidelines § 2K2.1(b)(6)(B)(West 2017).

[8] United States Sentencing Guidelines § 2K2.1, cmt. n. 1.

[9] *See United States v. O'Brien*, 560 U.S. 218, 225 (2010).

3

> any of the following acts done with intent to permanently deprive the
> owner of the possession, use or benefit of the owner's property or services:
> (1) Obtaining or exerting unauthorized control over property or services;
> (2) obtaining control over property or services, by deception; (3) obtaining
> control over property or services, by threat; or (4) obtaining control over
> stolen property or services knowing the property or services to have been
> stolen by another . . .[10]

The Government argued that Defendant committed a felony theft pursuant to this statute in two ways. First, it argued Defendant exerted unauthorized control over the vehicle. Second, it argued Defendant should have known or had reasonable suspicion that the vehicle was stolen. Though the Government never clarified which subsection of the statute Defendant violated, "exerting unauthorized control" over the vehicle would be a theft pursuant to K.S.A. § 21-5801(1) ("subsection (1)") and "obtaining control over" a stolen vehicle would be a theft pursuant to K.S.A. § 21-5801(4) ("subsection (4)").

To prove theft under subsection (1), a defendant must obtain or exert unauthorized control over property "with the intent to permanently deprive the owner of the use or benefit of the property."[11] The Kansas Legislature used the phrase "obtaining or exerting" to combine the common law crimes of larceny (obtaining) and embezzlement (exerting).[12] The Kansas Supreme Court holds that both of these crimes are not continuous and come to completion when the person takes control of the property.[13]

The Court finds the factual allegations do not prove by a preponderance of the evidence that Defendant committed a felony theft under subsection (1). The only evidence the Government offers shows that Free completed the direct crime, not the Defendant. Goodwin

---

[10] K.S.A. § 21-5801.

[11] *State v. Potts*, 374 P.3d 639, 647 (Kan. 2016).

[12] *State v. Kunellis*, 78 P.3d 776, 784 (Kan. 2003).

[13] *Id.* ("we discussed the related crimes of robbery and theft. 'Commission of the crime of robbery is complete when the robber takes possession of the property, as the element of asportation is no longer required to complete the crimes of theft or robbery.'") (internal citations omitted).

4

authorized Free to use the car while she worked. Free exerted unauthorized control by failing to return the vehicle to Cunningham. Avoiding Goodwin's calls and never calling her back shows that he intended to permanently deprive her of the vehicle. Given the stipulated facts, Free may have committed a felony theft pursuant to subsection (1); however, Free is not the defendant in this case. With regard to Defendant, the only evidence the Government offered was (1) Goodwin did not authorize Defendant to use the vehicle and (2) Defendant had the vehicle when police arrested him. First, given these facts, Defendant did not commit felony theft under subsection (1) because Free had completed the theft when Defendant obtained the vehicle.[14] Second, these facts do not sufficiently prove Defendant had the requisite specific intent.[15] Defendant may have simply borrowed the vehicle from someone, in which case, Defendant lacked any specific intent to "permanently deprive" the owner of her vehicle. Because the Government cannot offer any evidence to show otherwise, the Court cannot say whether Defendant had the specific intent necessary to complete the crime. For these reasons, the evidence is insufficient and the Court cannot conclude by a preponderance of the evidence that Defendant committed a felony pursuant to subsection (1).

The Court also finds the evidence does not sufficiently prove that Defendant "obtained control over stolen property or services *knowing* the property or services to have been stolen by another."[16] Subsection (4) applies only if at the time the defendant obtains the property he knows or has "reasonable suspicion from all the circumstances known to him that the property was stolen and that the act was done with intent to deprive the owner permanently of the

---

[14] The only evidence given demonstrated that Free completed the theft before Defendant obtained the car. If this is correct, the theft under subsection (1) came to completion *before* Defendant obtained the car. Therefore, Defendant cannot also be guilty under subsection (1) given these facts. *See Kunellis*, 78 P.3d at 784.

[15] *See* K.S.A. § 21-5801; *State v. Edwards*, 327 P.3d 469, 474 (Kan. 2014) ("Theft is a specific intent crime").

[16] K.S.A. § 21-5801(4) (emphasis added).

possession, use or benefit of his property."[17]  The Government's evidence does not sufficiently show Defendant had *knowledge* the car was stolen.  Defendant may have thought whoever loaned him the car had authorization to do so. In that scenario, he would not have obtained the car *knowing* it was stolen.  The Government argued that a reasonable person would check the registration and insurance if she borrowed someone's car for an extended period of time.  However, the Government does not present any evidence that Defendant knew his possession would be for an extended period of time or that it indeed was an extended period of time.  If he thought he was borrowing the vehicle for a short period of time, then he probably would not think to check these documents nor would he have had reasonable suspicion to do so.  Furthermore, as previously stated, the factual basis is not sufficient to show the Defendant had the necessary specific intent "to deprive the owner permanently of the possession, use or benefit of his property."[18]  If Defendant believed that he was only borrowing the car, either from an unauthorized or authorized person, then he would not have had the intent to permanently deprive the owner of it.  Therefore, the evidence is not sufficient and the Court cannot find by a preponderance of the evidence that Defendant is guilty of theft under subsection (4).

Because the Court finds that the Government did not prove that the sentence enhancement pursuant to USSG § 2K2.1(b)(6)(B) applies by a preponderance of the evidence, the Court does not consider Defendant's argument that the vehicle theft and gun possession are not sufficiently connected.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant James T. Sanford's Objection Number One to the Presentence Investigation Report is **sustained**.

---

[17]*State v. Bandt*, 549 P.2d 936, 940 (Kan. 1976) (citing *State v. Burgett*, 254 P.2d 254 (Kan. 1953); *State v. Emory*, 226 P. 754 (Kan. 1924)).

[18]K.S.A. § 21-5801.

**IT IS SO ORDERED.**

Dated: July 20, 2017

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE